IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


Tiffany Chabot
PO Box 675
Walkersville, MD 21793                                    Civil Action No:
        Plaintiff,

v.

Experian
505 City Pkwy West
Orange, CA 92668
        Defendant,


The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
        Resident Agent for the Defendant


State of Maryland Comptroller
Comptroller of Maryland
Compliance Division
301 W Preston St Rm 401
Baltimore, MD 21201
        Defendant,


Maryland Office of the Attorney General
80 Calvert Street, Room 303
PO Box 466
Annapolis, Maryland 21404
        Defendant,

## COMPLAINT

Now Comes the Plaintiff Tiffany Chabot, Pro Se seeks civil action against the Defendants for
violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C §1681, et seq.

## JURISDICTION and VENUE

1. This action arises out of the Defendants repeated violations of the Fair Credit Reporting Act,
15 U.S.C .§ 1681, et seq. ("FRCA")

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants
transact business here and substantial portion of the acts giving rise to this action occurred here.

3. Any claims under state law brought by the Plaintiff are proper under the doctrine of
supplemental jurisdiction pursuant to 28 U.S.C. § 1367

4. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and §2202

## PARTIES

5. Plaintiff, Tiffany Chabot, prose is an adult individual who resides in the state of Maryland, and
is a "consumer" as defined by 15 U.S.C. §1692(a)(3), and who's mailing address is PO Box 675,
Walkersville, Maryland 21701.

6. Defendant Experian, is an Orange, CA corporation with a business address of 505 City Pkwy
West, Orange, CA 92668operating as a consumer reporting agency as the term is defined by 15
U.S.C. §1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating,

and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C, §1681(a)(d), to third parties. The Defendant Experian has a resident agent: The Corporation Trust Incorporated 351 West Camden Street, Baltimore, MD 21201

7. Defendant State of Maryland Comptroller is a state business in which they tax and receive funds from consumers, whom address is 301 W Preston St Room 401 Baltimore, MD 21201

8. Defendant, Maryland Office of the attorney general overseas the State of Maryland comptroller and had a mailing address of 80 Calvert Street, Room 303 PO Box 466, Annapolis, Maryland 21404.

9. The names of the individual collectors or other agencies are unknown but they will be added by amendment when determined through discovery.

## STATEMENT OF FACTS

10. Plaintiff was notified that they were tax liens on her credit report from Bank of America and because of the tax liens that they were not going to re issue the Plaintiff's credit cards.

11 .The Plaintiff Tiffany Chabot was never late on her credit cards and had good credit at the time the supposed tax liens were inserted on her credit report.

12. The Plaintiff filed numerous complaints with the state of Maryland as well as Experian about that she did not owe the tax liens, and in fact she didn't live in the State of Maryland, nor owed the supposed tax years.

13. Ms. Chabot took the State of Maryland to court proving that she did not owe such tax liens. See (Exhibits A&B )

14. The State of Maryland filed a notice to withdraw and vacate the tax liens which was filed and stamped in the Circuit Court of Montgomery County on July 29, 2008. And December 03, 2009 See (Exhibits A&B )

15. The Plaintiff filed numerous disputes with Experian by phone, internet, and by certified mail over numerous accounts removed in which they still remain. See (Exhibits C through F )

16. Experian had duplicate tax liens, other consumer tax liens on the Plaintiff's consumer report. See (Exhibits C through F )

17. Experian verified the liens reinvestigated the liens yet they still remain on the Plaintiff consumer credit report. See (Exhibits C through F )

18. Defendant, State of Maryland would not remove the tax liens even though the liens were withdrawn and vacated off the Plaintiffs consumer reports. See (Exhibits A &B )

19. Defendant, State of Maryland failed to have the liens removed off of the Plaintiff's consumer credit report. See (Exhibits C through F )

20. The Plaintiff also made disputes that she had filed validation letters with Midland Credit Management aka Midland Funding LLC, Berks Credit, and Portfolio Recovery, National Hospital Collections, and other various collection agencies all which they failed to respond and ask Experian to have the accounts removed. Yet the accounts remain, were deleted and then reinserted, or some of them were recently this year deleted after years of disputes. Some of the accounts they refused to correct errors on like Chevron.

21. Consequently the Plaintiff's creditors chose not to reissue her credit due to the duplicate accounts and tax liens and other such accounts.

22. In addition to failing to comply with the laws, Experian was also reporting wrong information on the Plaintiff's credit report.

23. The account that is on the Plaintiffs credit report does not match the information on the supposed tax lien and that the Plaintiff owed no such lien. It's actually is a tax lien to someone else. See (Exhibits C through F )

24. After numerous disputes Experian is still reporting the tax liens on the Plaintiffs credit report See (Exhibits C through F )

25. At one time Experian had been reporting over eight tax liens at one time on the Plaintiffs credit report.

26. Experian kept refusing to remove the liens even after the Plaintiff provided them with the court documents of them being vacated.

27. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting by the Defendants.

28. Experian allowed Midland Funding LLC AKA Midland Credit Management and the State of Maryland, Berks Credit and Portfolio Recovery to" park" it's their accounts on the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false accounts) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit scores from the artificially lowered scores which are directly resulted from Experian intentional and malicious conduct.

29. In the context of "parking" an account, Equifax allowed Midland Funding LLC AKA Midland Credit Management, State of Maryland, Berks Credit and Portfolio Recovery had an

obligation and a duty under federal and state law to accurately report the balance, date of last activity, and be able to validate the accounts and it is willfully and maliciously refused to do so and Experian allowed this acts to occur for years by not investigation the Plaintiffs claims and or disputes.

30. The State of Maryland Comptroller lowered the Plaintiffs credit scores, had her credit cards not re issued, and missed the opportunity to purchase a home for the home ownership program for people with disabilities.

31. The Plaintiff filed validation letter with Berks in which the failed to respond therefore the Plaintiff asked Experian to remove the account.

32. In respect to Berks credit. The Plaintiff sent multiple disputes along with information to the Defendant to remove this account from the Plaintiff's credit report.

33. Defendants finally removed the Berks Credit finally removed the account after multiple disputes with the Defendants, and then the Defendants reinserted the account with no notice to the Plaintiff.

34. The Plaintiff filed disputes with the Defendants about the account placed by Portfolio Recovery even though the debt had not been validated to the Plaintiff as required by law.

35. Now the accounts remain on the Plaintiffs as a triplet account. One being the original creditor, two being Midland Credit Management aka Midland Funding, and three being Portfolio Recovery.

36. Even though extensive efforts of the Plaintiff it has taken multiple years the Defendants has yet to comply with the laws of the FCRA.

37. The Plaintiff has also taken more than several attempts to correct the inaccuracies on her credit report with the Defendants.

38. The Plaintiff sent validation letters to Midland Credit Management aka Midland Funding, but they failed to respond.

39. Experian and the State Comptrollers office had a duty to the Plaintiff to investigate, reinvestigate, remove and report accurate information on the Plaintiff's credit report and it is willfully and maliciously refused to do so.

40. Plaintiff sent multiple letters to the Experian. Despite receiving the dispute letter the credit bureau continue to publish the debts on the Plaintiff's credit report for years.

41. The Plaintiff made multiple attempts to contact the Comptroller's office trying to get them correct the Plaintiffs credit report.

42. Even though exhaustive efforts of the Plaintiff it has taken multiple years to get the Defendants to comply with the FCRA and her creditworthiness has suffered great in which will take years to re-establish.

43. The acts of the Defendants were deliberately, willfully, intentional, recklessly and negligently and repeatedly failed to perform reasonable investigations and reinvestigations of the above disputes as required by the FCRA, have failed to remove inaccurate information, have failed to report on the status of the investigations.

44. As a result of the Defendants conduct, Plaintiff has suffered actual damages in the form of credit opportunities, harm to credit reputation, credit score, Maryland home buying programs, emotional distress, including humiliation and embarrassment.

45. All times pertinent hereto, Defendants were acting by and through their agents, servants and or employees, who were acting within the scope of their agency or employment, and under the supervision and control of the Defendants herein.

46. At all times pertinent hereto, the conduct of the Defendants, as was their agents, servants and or employees, was malicious, intentional, willful, reckless, and in gross negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq BY THE DEFENDANTS

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

42. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

43. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

44. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

45. At all times the Comptroller is a state agency in which has the ability to access and put information on consumers credit and which they collect taxes against consumers.

46. At all times the Maryland Office of the Attorney General's Office is a state agency in which oversees the Maryland Comptroller.

47. Experian allowed Midland Funding LLC AKA Midland Credit Management's, State of Maryland Portfolio Recovery, and Berks Credit conducts violate the FDCPA by reporting the accounts to the Plaintiff's consumer report when they were not entitled to collect See *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Circuit 2000) and to furnish duplicate accounts on the Plaintiff's credit report at the very least.

48. The Defendants re aged debts on the Plaintiffs violating the FCRA section 605, and 15 U.S.C. §1681 et seq.

49. The Defendants reinserted a removed items from the Plaintiffs credit report and not notifying the Plaintiff within five business days violated the FCRA part (A)(5)(B)(ii) and 15 U.S.C. §1681 et seq.

50. The Defendants refused to correct information after the Plaintiff notified them of the correct information violated the FCRA section 604(A)(3) and 15 U.S.C. §1681 et seq.

51. In the entire course of their actions, Defendants willfully and or negligently violated multiple provisions of the FCRA in one or more of the following respects:

52. The Defendants willfully and or negligently failed in the preparation of the consumer reports concerning Plaintiffs to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C §1681(e)(b) and 15 U.S.C §1681 et seq.

53. The Defendants willfully and or negligently failed to comport with investigations and reinvestigations procedures listed within 15 U.S.C §1681(i) and 15 U.S.C §1681 et seq.

54. The Defendants willfully and or negligently failed to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of a closed/vacated account/ and or removed the accounts of 15 U.S.C §1681(s-2) and 15 U.S.C §1681 et seq.

55. The Defendants' acts or omissions resulted in defaming the Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness.

56. The Defendants failed in their duty to prevent foreseeable injury to the Plaintiff.

57. Pursuant to 15 U.S.C §1681n and 15 U.S.C §1681o, the Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C.§1681(e) and 15 U.S.C.§1681(i)

58. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally and knowingly as part of their routine credit reporting and or credit furnishing business and in gross disregard of the rights to the Plaintiff.

59. The conduct by the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, the Defendants are liable to Plaintiff for the full amount of statutory dames, actual and punitive damages, along with attorney's fees and costs of the litigation, as well as such further relief, as may be permitted by law.

## COUNT II

## NEGLIGENCE

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

61. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

62. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

63. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f).

64. At all times the Comptroller is a state agency in which has the ability to access and put information on consumers credit and which they collect taxes against consumers.

65. At all times the Maryland Office of the Attorney General's Office is a state agency in which oversees the Maryland Comptroller.

66. The Plaintiff seeks damages under 15 U.S.C §1681(o)

## COUNT III

## INVASION OF PRIVACY

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

68. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

69. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

70. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

71. At all times the Comptroller is a state agency in which has the ability to access and put information on consumers credit and which they collect taxes against consumers.

72. At all times the Maryland Office of the Attorney General's Office is a state agency in which oversees the Maryland Comptroller.

73. The Defendants' conduct, as described herein, constitutes an invasion of the Plaintiff's privacy in that it intrudes into the Plaintiff's private life, published private facts regarding Plaintiff, and places the Plaintiff in a false light in the eyes of those to whom the publications are made.

74. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

## COUNT IV

## DEFAMATION

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

76. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

77. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

78. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

79. At all times the Comptroller is a state agency in which has the ability to access and put information on consumers credit and which they collect taxes against consumers.

80. At all times the Maryland Office of the Attorney General's Office is a state agency in which oversees the Maryland Comptroller.

81. Defendants published false information about the Plaintiff on the Plaintiffs credit report for either a false account or balance.

82. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by Defendants.

83. The publication and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

## COUNT V

## PUNITIVE DAMAGES

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

85. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

86. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

87. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

88. At all times the Comptroller is a state agency in which has the ability to access and put information on consumers credit and which they collect taxes against consumers.

89. At all times the Maryland Office of the Attorney General's Office is a state agency in which oversees the Maryland Comptroller.

90. The Plaintiff has the right to seek punitive damages against the defendants.

91. The plaintiff have suffered emotional distress having to go through the mess that the defendants has caused including but not limited to new credit, and Maryland home buying program for people with disabilities. The defendant's blatant violations and misconduct were defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

92. Plaintiff seeks punitive damages under 15 U.S.C § 1681n, a plaintiff need not prove actual damages but may recover punitive and statutory damages as well as costs and fees if a defendant willfully violates the FCRA. A "willful violation" is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA.

## CONCLUSION

The Plaintiff Ms. Chabot is a pro se litigant who has tried to comply with all the rules and procedures of the court. The Plaintiff has enough proof to state a claim on which relief may be granted. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" _Corp. v. Twombly,_ 500 U.S. at 555 2007). The court must view the complaint in the light to the plaintiff and take the plaintiff's allegations as true. _See Randall v. United States,_ 30F.3d 518,522 (4th Cir.1994). The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for the lack of legal specificity. _Gordon v. Leeke,_ 574F.2d 1147, 1151 (4th Cir. 1978) . The Plaintiff reserves the right to file a motion to leave to amend the complaint, file additional exhibits, add defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment in the Plaintiff's favor and damages against the

Defendants, based on the following requested relief:

(a) Actual damages

(b) Statutory damages

(c) Punitive damages

(d) Costs including reasonable attorney fees

(e) Such other and further relief as may be necessary, just and proper

### **TRIAL BY JURY DEMANDED ON ALL ACCOUNTS**

Respectfully Submitted,

Tiffany Chabot, Pro Se

PO Box 675

Walkersville, Maryland 21793

Telephone: (301) 908-6687